# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0148V

| | |
|---|---|
| MARY WALSH,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2025 |

*Maureen A. Keegan*, Basch & Keegan, Kingston, NY, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 14, 2022, Mary Walsh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on November 13, 2020. Petition, ECF No. 1. On May 16, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,697.05 (representing $45,875.00 in fees plus $822.05 in costs). Motion for Attorney's Fees, filed on March 6, 2025. ECF No. 51. Furthermore, Petitioner represents that she incurred no personal out-of-pocket expenses. ECF No. 51-2.

Respondent reacted to the motion on March 7, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-5, ECF No. 52.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the hourly rate of $550.00 for all time billed by her attorney Maureen A. Keegan in the 2021-24 timeframe and the hourly rate of $175.00 for paralegal work performed in the same period. ECF No. 51-1 at 2. These rates, however, require adjustment.

Given her 1986 New York bar date, Ms. Keegan had approximately 35 years of experience as of 2021, placing her in the OSM Fee Schedule range of attorneys with 31+ years of experience.[3] In the Vaccine Program, attorneys with this level of experience are eligible for hourly rates between ($455.00 - $525.00) for work performed in the 2021-22 timeframe. As such, Ms. Keegan's proposed rate of $550.00 is greater than the maximum amount allowed for her experience level in the given timeframe. Instead, I find the hourly rate of $509.00 to be more appropriate for work performed by Ms. Keegan in 2021-22, and places her in the applicable ranges based on her experience. Similarly, the paralegal rate of $175.00 is greater than the maximum amount allowed for year 2021. Instead, I hereby reduce the paralegal rate to $172.00, placing the paralegal in her applicable experience range based on the Fee Schedule. **Application of the foregoing reduces the fees to be awarded herein by $1,220.25.**[4]

For work performed in years 2023-24, however, Ms. Keegan's proposed rate of $550.00 is reasonable and shall be awarded. And the paralegal rate of $175.00 for time billed in 2022-24 is also appropriate and shall be adopted herein.

## ATTORNEY COSTS

Petitioner requests $822.05 in overall costs. ECF No. 51-1. Such costs reflect the expenses of obtaining medical records and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated them with the required documentation, such as an invoice or proof of payment. *See* ECF No. 51-1. Before reimbursement of costs will be made, sufficient supporting documentation, such

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] This amount is calculated as follows: ($550.00 - $509.00 = $41.00 x 29.25 hours billed by attorney Keegan in 2021-22) + ($175.00 - $172.00 = $3.00 x 7.00 hours billed by paralegal in 2021) = $1,220.25.

as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[5]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs herein. **This results in a reduction in the total amount of litigation costs to be awarded by $420.05.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$45,056.75 (representing $44,654.75 in fees plus $402.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.